**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**No. 3:26-cv-1021**

| | | |
|---|---|---|
| **BYRON & DORIS LITTLE JOHN,** | ) | |
| **Plaintiffs,** | ) | **NOTICE OF REMOVAL** |
| **v.** | ) | |
| **ALLSTATE INSURANCE COMPANY,** | ) | |
| **Defendant.** | ) | |

Pursuant to 28 U.S.C. § 1446, Defendant Allstate Insurance Company ("Defendant") removes this matter to the U.S. District Court for the Western District of North Carolina.

## GROUNDS FOR REMOVAL

1. Defendant is a party to a civil action pending in the Gaston County Superior Court entitled "*Byron & Doris Littlejohn v. Allstate Insurance Company*," No. 26CV008562-350, which was first filed on October 14, 2026. Although no affidavit of service has been filed by Plaintiffs Byron and Doris Littlejohn ("Plaintiffs"), Plaintiffs served Defendant through the North Carolina Department of Insurance (who accepted service of the summons and complaint on October 22, 2026).

2. In light of the foregoing, this petition for removal is timely filed pursuant to 28 U.S.C. § 1446(b) in that it was served within thirty (30) days of the date on which Defendant was first served with the summons and complaint.

3. Plaintiffs Byron and Doris Littlejohn are citizens and residents of Gaston County, North Carolina (*See* Complaint, ¶ 1).

4. Defendant is a foreign insurance company. It is incorporated under the laws of the State of Illinois and maintains its principal place of business in the State of Illinois.

5. Thus, in light of the foregoing, the citizenship of the parties is fully and completely diverse.

6. Further, the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00. Plaintiffs allege that they purchased an insurance policy from Defendant to provide certain property insurance coverage for their real property located in Cherryville, Gaston County, North Carolina. (*See* Complaint, ¶ 1 - 8). Plaintiffs further allege that the policy was in full force and effect when Plaintiffs' property allegedly sustained significant damage due to wind and hail. (*Id.* at ¶ 9). There is a dispute about the damage, value, and coverage. Plaintiffs have sued Defendant, asserting various claims, including breach of contract, unfair and deceptive trade practices, and bad faith. In their Prayer for Relief, Plaintiffs demand actual and consequential damages, treble damages as provided by N.C.G.S. § 75-16 for Defendant's purported deceptive trade practices, attorneys' fees pursuant to N.C.G.S. § 75-16.1, and interest. *See Withers v. BMW of N. Am., LLC*, 560 F. Supp. 3d 1010, 1017 (W.D.N.C. 2021) ("Treble damages can be used to meet the amount-in-controversy requirement for federal court diversity jurisdiction."); *Weadon v. Producers Agric. Ins. Co.*, No. 1:24-CV-116, 2024 WL 1603678, at *1 n.2 (M.D.N.C. Apr. 12, 2024) (noting "the complaint alleges an amount in controversy that is plausibly over $75,000 between [Plaintiff's] damages claim for $25,000, the accrued interest on that claim, the claim for treble damages, and the statutorily authorized attorney's fees"); *Brown v. Brown*, No. 323CV00230FDWSCR, 2023 WL 6035711, at *2 (W.D.N.C. Aug. 4, 2023), *report and recommendation adopted*, No. 323CV00230FDWSCR, 2023 WL 6367669 (W.D.N.C. Sept. 29, 2023) ("Based the plain language of the Complaint, the Court finds the

amount in controversy exceeds $75,000. Plaintiff expressly sought compensatory damages in excess of $25,000, but also sought treble damages and attorney fees under North Carolina's Unfair and Deceptive Trade Practices. Compensatory damages of at least $25,000, then trebled plus attorney's fees are greater than the $75,000 jurisdictional threshold."). Thus, the amount in controversy requirement is met.

7. The U.S. District Court for the Western District of North Carolina has original subject matter jurisdiction of this civil action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship among all of the properly joined parties, and the amount in controversy in this civil action, exclusive of interest and costs, exceeds the sum of $75,000.00, in addition to seeking nonmonetary relief.

8. Pursuant to 28 U.S.C. § 1446(a) a copy of all process, pleadings and orders received by the removing Defendant are attached as **Exhibit A, B, and C**.

9. Defendant submits this Notice of Removal without waiving any defense to the claims asserted by Plaintiffs or conceding that Plaintiffs have pled claims upon which relief can be granted. Defendant specifically reserves the right to assert, if applicable, any and all defenses enumerated under Federal Rule of Civil Procedure 12 or any other affirmative defenses, including those enumerated under Federal Rule of Civil Procedure 8(c), upon the filing of its responsive pleadings within the time allotted under the Federal Rules.

## CONCLUSION

Defendant prays that the above case now pending against it in the Gaston County Superior Court be removed therefrom to this Court.

Respectfully submitted,

November 21, 2026

*/s/ James M. Dedman, IV*

James M. Dedman, IV (N.C. Bar No. 37415)
GALLIVAN, WHITE & BOYD, P.A.
6805 Carnegie Boulevard, Suite 200
Charlotte, NC 28211
704-552-1712
jdedman@gwblawfirm.com

*Attorneys for Defendant,*
*Allstate Insurance Company*